RANDOLPH E. DAAR, SBN 88195
506 Broadway
San Francisco, CA 94133
Telephone: (415) 986-5591
Facsimile: (415) 421-1331

Attorney for Defendant
ROME OWENS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>   Plaintiff, </br></br>   vs. </br></br> ROME OWENS, </br></br>   Defendant. | No. 3:18-CR-00033-VC </br></br> **DEFENDANT ROME OWENS' SENTENCING MEMORANDUM** </br></br> Date: May 29, 2018 </br> Time: 10:30 a.m. </br> Courtroom: Hon. Vince Chhabria |

DEFENDANT ROME OWENS' SENTENCING MEMORANDUM

## INTRODUCTION

Rome Owens stands before this Court having pleaded guilty to Using a Telephone to Distribute Marijuana. The offense conduct is correctly summarized by the PSR, which describes Owens as "connected to growers in Humboldt County." Mr. Owens did not grow any of the marijuana in this case. Mr. Owens was one of the few African-American youths present in Arcata when Georgia defendants Ira Jackson and James Maxwell (both African-American) arrived in Arcata in an attempt to locate a source for California marijuana. They ended up contacting Mr. Owens. Mr. Owens agreed to locate marijuana. Mr. Owens was not a source of supply and merely facilitated transactions as a conduit between Maxwell and Jackson and the growers. There is no evidence that Mr. Owens participated in the cannabis industry prior to his being approached by Jackson and Maxwell.[1]

The letters to the Court clearly point out the fact that virtually everybody under 30 in Northern California is connected to, or knows somebody that is involved in, the cannabis industry. Presently there are over 10,000 applications for growers' permits pending in Humboldt County since marijuana has been legalized in California. The abundance of marijuana present in the Arcata-Eureka area at the time these events occurred made it relatively easy for any young person to readily locate a source of supply of marijuana for someone from out of state seeking to purchase and export marijuana. The prevalence of marijuana in Northern California creates a situation unanticipated by the framers of the guidelines. Typically, larger weights of illegal substances could only be obtained by people already well within the hierarchy of a drug-trafficking organization and close to the source of supply and production. A 20 year-old without prior criminal contacts would not be able to obtain the quantities of drugs in the guidelines that would produce exposures such as in this case.

---

[1] In the Justification section of the report, the PSR erroneously describes Owens as "a co-conspirator source of supply."

## CRIMINAL HISTORY

Rome Owens managed to acquire five criminal history points based upon a Disorderly Conduct in 2011 and a DUI in 2016, along with a Driving With a Suspended License, also in 2016. The Disorderly Conduct from 2011, along with a two-year Court probation, overlapped the phone calls in this case and added two additional points, so that his criminal history totaled five. A Criminal History Category 5 would be applicable to someone who had received a 10-year State Prison sentence and was on parole when they committed the present offense. The PSR points out in the Justification that if he'd received 12 months' probation on the Disorderly Conduct, he would be a Criminal History Category 2, yielding a guideline of 21-27 months. It is clear that Mr. Owens has an alcohol problem, which underlies the convictions in his criminal history. Recognizing the nature of this ongoing problem, and the issues that occurred while on pretrial release, it appears that a downward departure from Criminal History 3 to Criminal History 2 would be appropriate in that the 5 points/Criminal History 3 clearly over-represents the criminal conduct of Mr. Owens.

## 18 USC § 3553

There are three separate factors which all call for a below-guideline sentence pursuant to the mandate expressed by Congress in 18 USC § 3553:

**1.     Changed Circumstances:**

When the guidelines were created in the late 1980s, they used a numerical system based upon the conditions that existed during that historical period. The mandatory nature of the "advisory" guidelines created limited opportunities for judges to exercise their discretion. The typical departure from the guidelines required something that was "outside the heartland" or something that was "not contemplated" by the sentencing commission as the guidelines and evolved. In 2018, over 50% of the states in the United States have legalized marijuana in some form. The world has changed. The guidelines have not changed with respect specifically to marijuana since they were originally promulgated. It is the role of the Court to administer justice based upon the present circumstances of the offense, and the present context in which the offense occurred.

**2.      Prolonged pretrial release:**

Rome Owens surrendered and was released in October of 2015. His case was pending in the Middle District of Georgia until a Rule 35 request was made and ultimately he was charged in February of 2018 in this district. The multi-defendant, multi-count indictment in Georgia exposed all the defendants to excess of ten years based upon the conspiracy charge. Mr. Owens' case took far longer than the typical case of this nature would, due to the fact that it was transferred from the Middle District of Georgia. Mr. Owens has suffered from the unresolved tension of a major federal drug conspiracy pending against him in the Middle District of Georgia, until, the case was transferred to California. The pressure of the two-and-a-half years in limbo proved to be very difficult for Mr. Owens to handle. Ultimately, despite all the help he was getting from Pretrial Services, Mr. Owens continued to use alcohol and, on occasions, marijuana and cocaine, to deal with his anxiety about the pending case. The tension has become so great that Mr. Owens has requested of his Probation Officer that he be remanded at the time of sentencing if he is to receive jail time. While Mr. Owens suffered the benefit of being on pretrial release, he nonetheless suffered greatly under the long, unrelenting pressure of a federal case for two-and-a-half years. While an in-custody defendant always gets custody credits for time in, it seems just that a prolonged period of pretrial release could be viewed as a detriment and a form of punishment and a manner of serving time, while not as onerous as being in custody, it is still far from being free and it is clear that Mr. Owens suffered greatly under this pressure.

**3.      Racially targeting/role in the offense:**

Mr. Owens was targeted by two African-American drug traffickers from Macon, Georgia. If they had sought out any young person to connect them with a source of supply for marijuana, the odds would have been long that Rome would have been selected. However, when these two individuals went and looked for an African-American young man in Arcata, Mr. Owens was one of the few and was likely to be targeted. This does not excuse Mr. Owens' conduct, but is relevant when considering Mr. Owens' connection to the source of supply, which is a factor in viewing relative culpability and criminality of different defendants. The guidelines base, in part, their weight-based determination on the risk incurred by the quantity of drugs, as well as the increased

criminality associated with increasing quantity of drugs.  While that has remained true with respect to cocaine, heroin, and other hard drugs, it is not true with respect to marijuana and especially not true in the Arcata-Eureka area.  The prevalence of marijuana ensures that just about any young person, given about 20 minutes, could locate a quantity of marijuana similar to that provided by Mr. Owens in this case.  There is no evidence of Mr. Owens having participated in the cannabis industry prior to these events, and it appears he merely connected out-of-state buyers with in-state growers, acting as a go-between and conduit.  The government offer of a telephone count in part reflects the nature of this conduct, but that fact that Mr. Owens was not a source of supply is a basis for consideration.

## **CONCLUSION**

In light of all these factors, it is recommended to the Court that Mr. Owens appropriate sentence is below the requested guideline range of 21-27 months, after the adjustment has been made for criminal history.

Respectfully Submitted,

Dated: May 22, 2018                                                   /s/ Randolph E. Daar
                                                                     RANDOLPH DAAR
                                                                     Attorney for Defendant
                                                                     ROME OWENS